IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH WIBLE                         *
10325 Blue Rock Road
Waynesboro, Pennsylvania 17268       *

                Plaintiff,           *

Vs                                   *
                                        Case No.: _____
PARCEL D PROPERTY, LLC               *
8255 Greensboro Drive
Suite 200                            *
McLean, Virginia 22102
                                     *
SERVE ON:
National Registered                  *
Agents, Inc. of MD
2405 York Road, Suite 201            *
Lutherville, Maryland 21093
                                     *
And
                                     *
KETTLER MANAGEMENT, INC.
8255 Greensboro Drive                *
Suite 200
McLean, Virginia 22102               *

SERVE ON:                            *
National Registered
Agents, Inc. of MD                   *
2405 York Road, Suite 201
Lutherville, Maryland 21093          *

                Defendants.          *

*    *    *    *    *    *    *    *    *    *    *    *    *

COMPLAINT AND DEMAND FOR JURY TRIAL

        Plaintiff, Deborah Wible, by undersigned counsel, hereby

files this Complaint against Parcel D. Property, LLC and Kettler

Management, Inc., Defendants herein, and alleges as follows:

## I. JURISDICTION AND VENUE

1.    1.    Plaintiff invokes the jurisdiction of this Court pursuant 28 U.S.C. § 1332.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

## II. PARTIES

4.    Deborah Wible ("Wible") is a citizen of the Commonwealth of Pennsylvania who resides in Franklin County at 10325 Blue Rock Road, Waynesboro, Pennsylvania 17268.

5.    Parcel D. Property, LLC ("PDP") is a company formed under the laws of the Commonwealth of Virginia with its principal place of business located at 8255 Greensboro Drive, Suite 200, McLean, Virginia 22102. At all times relevant to this Complaint, PDP was the owner and/or lessor of the property known as the Metropolitan Downtown Columbia located at 10000 Towne Center Avenue, Columbia, Maryland 22102.

6.    Kettler Management, Inc. ("KM") is a company formed under the laws of the Commonwealth of Virginia with its principal place of business located at 8255 Greensboro Drive, Suite 200, McLean, Virginia 22102. At all times relevant to this Complaint, KM managed and/or maintained the common areas located

2

at the property known as the Metropolitan Downtown Columbia located at 10000 Towne Center Avenue, Columbia, Maryland 22102. Upon information and belief, KM acted as the agent and/or servant of PDP, subject to its direction and control, and for PDP's financial benefit

### III. **FACTS COMMON TO ALL COUNTS**

7.     On or about May 4, 2024, Wible was walking on the sidewalk located on the property known as the Metropolitan Downtown Columbia located at 10000 Towne Center Avenue, Columbia, Maryland 22102 ("Premises").

8.     As Wible proceeded to walk on the sidewalk, she tripped over a raised and/or displaced piece of concrete located within the boundaries of the sidewalk causing her to fall and sustain profound and painful injuries to her hand, arms, hip, knee, back, head, and body. As a result of her accident-related injuries, Wible was forced to incur substantial medical bills. As of the date of the filing of this Complaint, Wible is still experiencing pain and discomfort as a result of the injuries she sustained from the fall and, upon information and belief, may be in need of future medical care.

9.     At all times prior to her fall, Wible maintained a proper and vigilant outlook as she proceeded down the sidewalk and her actions in no way contributed to her fall. To the

contrary, Wible's injuries were solely the result of the negligence of the Defendants, PDP and/or KM.

10. Prior to this accident, PDP and/or KM had knowledge and notice (1) that the sidewalk area which caused Wible to fall was in a state of major disrepair and constituted a hazardous condition; and (2) no adequate warnings were posted in order to alert pedestrians, like Wible, of the dangerous condition of the sidewalk.

<u>COUNT I</u>
**(Negligence - PDP)**

11. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-10.

12. PDP, at all times material to this Complaint, was the owner of the common areas located at the property known as the Metropolitan Downtown Columbia located at 10000 Towne Center Avenue, Columbia, Maryland 22102 which included the area of the sidewalk where Plaintiff's fall occurred. As such, PDP owed a duty to Wible, and all invitees who were lawfully on the premises, to (1) ensure the Premises was free from dangerous conditions which could cause pedestrians, and all other invitees lawfully on the premises, to sustain injury; (2) maintain and repair the sidewalk in a manner suitable for pedestrian traffic; and/or (3) warn Wible, and all other invitees lawfully on the premises, of the dangerous condition of the sidewalk.

13.    On or about May 4, 2024, PDP breached the duties of care it owed to Wible by failing to (1) divert her from the sidewalk area where she fell; (2) maintain the sidewalk in a manner that was suitable for pedestrian traffic; and/or (3) warn Wible, and other pedestrians lawfully on the premises, of the dangerous condition of which it knew or should have known existed as of the time of Wible's accident.

14.    As a result of PDP's breaches of the duties of care owed to Wible, Wible sustained substantial damages.

WHEREFORE, Plaintiff, Deborah Wible, prays that the Court enter judgment in her favor and against Defendant, Parcel D Property, LLC, for compensatory damages in excess of $75,000.00, with the exact amount to be determined at trial, plus pre-judgment interest, costs, and such other and further relief as justice may require.

## COUNT II
### (Negligence - KM)

15.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-14.

16.    KM, at all times material to this Complaint, was responsible for the upkeep and maintenance of the common areas located at the property known as the Metropolitan Downtown Columbia located at 10000 Towne Center Avenue, Columbia, Maryland 22102 which included the area of the sidewalk where

Plaintiff's fall occurred. As such, KM owed a duty to Wible, and all invitees who were lawfully on the premises, to (1) ensure the Premises was free from dangerous conditions which could cause pedestrians, and all other invitees lawfully on the premises, to sustain injury; (2) maintain and repair the sidewalk in a manner suitable for pedestrian traffic; and/or (3) warn Wible, and all other invitees lawfully on the premises, of the dangerous condition of the sidewalk.

17.    On or about May 4, 2024, KM breached the duties of care it owed to Wible by failing to (1) divert her from the sidewalk area where she fell; (2) maintain the sidewalk in a manner that was suitable for pedestrian traffic; and/or (3) warn Wible, and other pedestrians lawfully on the premises, of the dangerous condition of which it knew or should have known existed as of the time of Wible's accident.

18.    As a result of KM's breaches of the duties of care owed to Wible, Wible sustained substantial damages.

WHEREFORE, Plaintiff, Deborah Wible, prays that the Court enter judgment in her favor and against Defendant, Kettler Management, Inc., for compensatory damages in excess of $75,000.00, with the exact amount to be determined at trial, plus pre-judgment interest, costs, and such other and further relief as justice may require.

## COUNT III
### (Negligence – All Defendants)

19.   Plaintiff   hereby   incorporates   by   reference   the
allegations contained in paragraphs 1-18.

20.   KM,   the   entity   responsible   for   the   maintenance   and
upkeep of the common areas located at the Metropolitan Downtown
Columbia   located   at   10000   Towne   Center   Avenue,   Columbia,
Maryland   22102,   at   all   times   relevant   to   this   Complaint   was
acting   as   the   agent   and/or   servant   of   PDP,   subject   to   the
control   and   direction   of   PDP,   and   for   the   financial   benefit   of
PDP. As such, PDP and KM owed a duty to Wible, and all invitees
who   were   lawfully   on   the   premises,   to   (1)   ensure   the   Premises
was   free   from   dangerous   conditions   which   could   cause
pedestrians,   and   all   other   invitees   lawfully   on   the   premises,   to
sustain injury; (2) maintain and repair the sidewalk in a manner
suitable   for   pedestrian   traffic;   and/or   (3)   warn   Wible,   and   all
other   invitees   lawfully   on   the   premises,   of   the   dangerous
condition of the sidewalk.

21.   On or about May 4, 2024, PDP, by and through the acts
and   omissions   of   its   agent,   servant,   and/or   employee,   KM,
breached   the   duties   of   care   they   owed   to   Wible   by   failing   to   (1)
divert   her   from   the   sidewalk   area   where   she   fell;   (2)   maintain
the   sidewalk   in   a   manner   that   was   suitable   for   pedestrian
traffic;   and/or   (3)   warn   Wible,   and   other   pedestrians   lawfully

on the premises, of the dangerous condition of which they knew or should have known existed as of the time of Wible's accident.

22. As a result of PDP's and KM's breaches of the duties of care owed to Wible, Wible sustained substantial damages.

WHEREFORE, Plaintiff, Deborah Wible, prays that the Court enter judgment in her favor and against Defendants, Parcel D Property, LLC and Kettler Management, Inc., jointly and severally, for compensatory damages in excess of $75,000.00, with the exact amount to be determined at trial, plus pre-judgment interest, costs, and such other and further relief as justice may require.

Respectfully submitted,

_Matt Holley_
_____
Thomas C. Costello (Fed. Bar No. 22978)
Matthew T. Holley (Fed Bar No. 19001)
Costello Law Group
409 Washington Avenue
Suite 410
Towson, Maryland 21204
(410) 832-8800

Attorneys for Plaintiff,
Deborah Wible

## JURY TRIAL DEMANDED

Plaintiffs hereby demand and request that all claims, actions and causes of action set forth herein be tried before a jury.


_____
Matthew T. Holley